After hearing argument, Chancellor Rutledge delivered the decree of the court.
*421 The complainants bill iri this case, prays that the defen-(jiantmay make a division among them according to their respective rights, of sundry negroes which be has obtained possession of that were left to his intestate John Ashby by L. Bucket, after his widow’s death. And the complain-2(1 ants Thos. Ashby and T. H. Jervey claim a proportion of them under the following clause of Magdelaine Ashby?s will: — “ I give and bequeath all the residue and remainder of the property or proportion of the undivided estate of jmy deceased husband, whether in lands, negroes, stock, &c. or whatever the same may be in ; and all such, or any pther property I maybe possessed of or entitled unto, in any other manner whatever, unto my daughter M. C. Ashby, to her and the heirs of her body ; but should my aforesaid daughter die, leaving no child or children, then and in that case, I do give and bequeath the same to my niece. Floride Taylor, and my nephew Thos. Ashby, to be equally divided between them share and share alike, to them and their heirs for ever.” The testatrix’s daughter M. C. Ashby died an infant, intestate, and unmarried.— The only question for consideration is, whether complainant T. Ashby in his own right, and T. H. Jervey in right of his wife. Floride, who is now dead, are entitled under the will of Magdelaine Ashby, to any and what part of the iiegroes bequeathed to her husband by L. Bocket l This is a plain case. L. Bocket having died in the life time of J. Ashby, the devise to him was clearly a vested interest? and transmissible to his representatives by will or otherwise. J. Ashby dying intestate, his wife (Magdelaine Ashby) of course became entitled to one third part of the negroes bequeathed to him as aforesaid. M. C. Ashby, the daughter, being dead, an infant, intestate and without issue, the complainant T. Ashby and Floride Peyre who married complainant T. H. Jervey, became by virtue of Magdelaine Ashby’s bequest, legally entitled to her share of the negroes bequeathed to J. Ashby by L. Bocket. It is therefore ordered and decreed that the defendant do deliver over to complainants T. Ashby and T. H. Jervey *422 respectively, such third part or share of the said negroes % and the remaining two third parts to be distributed among ^le complainants, according to their interests therein, and that the costs be paid out of the estate,*
Mr. Gaillard for complainants.
Mr, CRoft for defendant.

 It appears that at the time of this decree, the court was of opinion that the husband surviving his wife, was entitled exclusively of her next of kin to her whole estate, even that part not actually reduced to possession during the coverture, according to the old doctrine established prior to the act of February, 1791, abolishing the rights of primogeniture, and making more equal division of intestate’s estate, and therefore decrees to T. H. Jervey, in this case, all that his deceased wife was entitled to in this estate. But the Court of Appeals upon a fuller examination of the provisions of that act, and fuller argument thereon, has since decided that the estate of the wife not actually reduced to possession, and ascertained by division, does not belong exclusively to the husband, but is distributable according to the provisions of the act of February, 1791. See Sd vol. of Chañe. Rep. p. 135, 147, 8. 155. See also 12 Yesey, 497, where it is decided even in England, where the law is more favorable to the husband in this respect, that the possession by the husband at; trustee ox- executor, is not such a reduction into possession as enti» ties him to the property.